# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS ZUNIGA HERNANDEZ,** | : | **CIVIL ACTION NO. 1:12-CV-00647** |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 18th day of September, 2013, upon consideration of the report of Chief Magistrate Judge Martin C. Carlson (Doc. 40), recommending that the court grant the United States' pending motion for summary judgment (Doc. 23), and following an independent review of the record, it appearing that the plaintiff has not objected to the magistrate judge's report and recommendation, and that there is no clear error on the

face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of Chief Magistrate Judge Carlson (Doc. 40) recommending the grant of the United States' motion for summary judgment is ADOPTED in its entirety.

2. The United States' motion for summary judgment (Doc. 23) is GRANTED.

3. The Clerk of Court is directed to enter JUDGMENT in favor of the United States and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
    CHRISTOPHER C. CONNER
    Chief Judge, Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.