## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS ZUNIGA HERNANDEZ,** | : | **CIVIL ACTION NO. 1:12-CV-00647** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 28th day of January, 2014, upon consideration of the motion (Doc.
58) for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) filed by *pro se*
plaintiff Carlos Zuniga Hernandez ("plaintiff"), wherein the plaintiff requests the court
to vacate its October 2, 2013 order (Doc. 51) adopting the report and recommendation
(Doc. 40) of Chief Magistrate Judge Martin C. Carlson, granting the defendant's motion
(Doc. 23) for summary judgment, and entering judgment in favor of the defendant as to
the *pro se* plaintiff's sole civil rights claim, and the court noting that Rule 60(b) allows
district courts to "relieve a party or its legal representative from a final judgment" in
limited circumstances, <u>see</u> FED. R. CIV. P. 60(b) (permitting relief, *inter alia*, when
decision is based on "mistake, inadvertence, surprise, or excusable neglect," or when
new evidence not previously available compels a different result), but that the *pro se*
plaintiff has made no effort to cure the record deficiencies previously identified by the
magistrate judge and the undersigned, and instead attempts to relitigate those issues

now twice addressed the court,[1] specifically the court's holding that the plaintiff's claims

are barred by the discretionary function exception to the Federal Tort Claims Act, 28

U.S.C. § 2680, and the court thus concluding that reconsideration of its October 2, 2013

order (Doc. 50) is neither necessary nor appropriate, see, e.g., Dodge v. Susquehanna

Univ., 796 F. Supp. 829, 830 (M.D. Pa. June 2, 1992) (motion for reconsideration is not

supported by a "clear error of law" when movant merely disagrees with the court's

resolution of a legal issue), it is hereby ORDERED that:

1.  The *pro se* plaintiff's motion (Doc. 58) for reconsideration is DENIED in its
    entirety.

2.  The above-captioned case remains CLOSED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] In ruling on the defendant's motion for summary judgment, the court noted that the *pro se* plaintiff had failed to submit any evidence in support of his claim and had further failed to respond to the defendant's statement of material facts with contrary evidence as required by the Local Rules of Court. The *pro se* plaintiff was on clear notice regarding his obligations under the Local Rules. (See Doc. 33 (directing plaintiff to file responsive counterstatement of material facts with opposition brief pursuant to Local Rule 56.1); Doc. 37 (same)). While plaintiff bases the instant motion on a purported "misapprehension of fact" by both the magistrate judge and the undersigned, (see Doc. 57 at ¶ 5), he has not put any evidence before the court which was not previously available to it. For this reason, the motion will be denied.